LORETI ET AL., APPELLANTS, *v.* THORMYER, ACTING HIGHWAY DIR., ET AL., APPELLEES.

(No. 5779—Decided September 12, 1957.)

*Messrs. Buchanan, Peltier & Fuller,* for appellants.

*Mr. William Saxbe,* attorney general, *Mr. Hugh E. Kirkwood, Jr.,* and *Mr. William D. Henry,* for appellees.

PETREE, P. J. This case is before this court on a motion by plaintiffs, appellants herein, to suspend enforcement of the order of the Court of Common Pleas, wherein the temporary injunction granted the plaintiffs on August 9, 1957, was ordered suspended on August 16, 1957.

The question presented to us by this motion is whether the order of August 16, 1957, of the Judge of the Common Pleas

Court, wherein he dissolved a temporary injunction which had been granted by him one week earlier, is reviewable as a final order. The order of August 9 was made by the court upon statements of counsel and contains no reference to any evidence having been heard. The second order which dissolved the temporary injunction recites that it was upon consideration of the evidence and arguments of counsel.

The cause began in the Common Pleas Court with a petition filed by some 15 plaintiffs who stated that they are the heirs at law of Alfred Loreti who died intestate and who, at the time of his death, was the owner of two parcels of real estate described in the petition. They claim, in substance, that defendants Thormeyer, Acting Highway Director, and Noble, Secretary to the Governor, have taken possession of plaintiffs' property unlawfully by virtue of certain claimed defects in condemnation actions against the real property and that defendants Baker & Hickey are contractors and have been awarded the contract for the construction of the highway over the premises.

The plaintiffs are seeking to require the State Highway Department to have a jury impaneled to place a valuation upon the two parcels of land in question; and in their prayer they ask that the defendants be enjoined from taking the plaintiffs' property and that the contractors be enjoined from starting to work on their contract which was awarded on July 5, 1957, and for such other relief as is just and equitable in the premises.

From the statement of counsel at the argument on this motion in the Court of Appeals, it appears that the buildings no longer exist on the premises in question. It also appears from statements of counsel and from the reading of the petition that a permanent injunction is still being sought in the Common Pleas Court; and a determination of the rights of the persons, if any, to the property or to have a jury impaneled to assess its value are matters yet to be determined by the trial court.

With that state of the record, it is our opinion that the order of the Common Pleas Court dissolving the temporary injunction is not such a final order as to be appealable under Section 2505.02, Revised Code. In other words, the order dissolving the temporary injunction is not such an order affecting a substantial right in an action which in effect determines the

action and prevents a judgment, and the plaintiffs in this case will suffer no irreparable injury by permitting this case to be finally determined on all its issues in the Common Pleas Court. Under such circumstances this court should not interfere with the orderly procedure of a cause in the trial court to a final judgment. Should the proceedings upon which that final judgment is based contain error prejudicial to the rights of the plaintiffs in this action, they will have an adequate remedy of appeal on all questions which have been presented to the Common Pleas Court.

We are aware of the decisions of our Supreme Court which hold that an order of the Court of Common Pleas overruling a motion to dissolve an injunction is an order affecting substantial right reviewable on error and of an appellate court decision holding that an order of the Court of Common Pleas dissolving a temporary injunction is reviewable on error before the final disposition of the case in said court. We feel that in the instant case the plaintiffs have an adequate remedy at law and that all their rights can be determined in one appellate review if the trial court should commit prejudicial error in the final adjudication of all the issues which have been and which may be presented to it in this case. Therefore, the motion of the plaintiffs to suspend the order of the Common Pleas Court dissolving the temporary injunction is denied.

*Motion denied.*

BRYANT and MILLER, JJ., concur.